NO. 07-02-0110-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



MARCH 21, 2002



______________________________




GAYLAND BRANT WEST, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;



NO. 13,469-B; HONORABLE JOHN BOARD, JUDGE



_______________________________



Before QUINN and REAVIS and JOHNSON, JJ.

 Appellant Gayland Brant West filed a Motion to Dismiss Appeal on March 14, 2002,
averring that he no longer wishes to prosecute his appeal. The Motion to Dismiss is
signed by both appellant and his attorney. 

 Without passing on the merits of the case, appellant's motion for voluntary dismissal
is granted and the appeal is hereby dismissed. Tex. R. App. P. 42.2. Having dismissed 


the appeal at appellant's personal request, no motion for rehearing will be entertained and
our mandate will issue forthwith. 



 Phil Johnson

 Justice








Do not publish.



 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0235-CR

NO. 07-10-0236-CR

NO. 07-10-0237-CR

NO. 07-10-0238-CR

NO. 07-10-0239-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

FEBRUARY 24, 2011

 

______________________________

 

 

JOE MARVIN SLUTZ, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

 

_________________________________

 

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

 

NOS. 58,571-E, 58,572-E, 58,573-E, 58,574-E &
58,575-E;

 

HONORABLE DOUGLAS R. WOODBURN, JUDGE

 

_______________________________

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

In 2008, Appellant, Joe Marvin Slutz,
was convicted and sentenced as follows: cause number 58,571-E, sexual assault of a
childBtwenty years
confinement; (2) cause number 58,572-E, Count IBaggravated sexual
assault of a childBconfinement for life; Count IIBaggravated sexual
assault of a childBconfinement for life; (3) cause number
58,573-E, aggravated sexual assault of a childBconfinement for
life; (4) cause number 58,574-E, aggravated sexual assault of a childBconfinement for
life; and (5) cause number 58,575-E, aggravated sexual assault of a childBconfinement for
life.  His convictions were affirmed by
this Court.  See Slutz v. State, Nos. 07-08-00434-CR,
07-08-00435-CR, 07-08-0436-CR, 07-08-0437, and 07-08-0438-CR, 2009 Tex. App.
LEXIS 8326 (Tex.App.--Amarillo Oct. 29, 2009, pet. dism'd).

            On March 12, 2010, Appellant filed,
in each cause, a Motion for Post Conviction DNA Testing Pursuant to Chapter 64
of the Texas Code of Criminal Procedure. 
As required by article 64.02(a)(2)(B) of the Code, the State responded
to Appellant's motion by explaining that no evidence could be delivered for
testing because none had been collected.  In its brief, the State explained that during
Appellant's trial, the Sexual Assault Nurse Examiner testified that she did not
collect any samples for testing because the last sexual assault had occurred
outside a ninety-six hour period.  No
hearing was held on Appellant's motion, and the trial court entered an order in
each cause denying the motion.[1]  Appellant now appeals the denial of his
request for DNA testing. 

            Relying on McKenzie v. State, 617 S.W.2d 211
(Tex.Crim.App. 1981), Appellant argues that "[t]he rule is well settled
that where the state introduces an exculpatory statement or confession of a
defendant it is then bound to disprove it and failure to do so is grounds for
acquittal."  Id. at 217.  McKenzie has no application to this
appeal from the trial court's denial of a request for DNA testing.  Furthermore, Appellant does not brief nor
argue entitlement to appointed counsel or challenge the trial court's
rulings.  See Tex. R. App. P. 38.1(i).  Nevertheless, we will construe his brief as a
challenge to the denial of his motions for DNA testing.

            We review the trial
court's decision to deny DNA testing under the bifurcated standard announced in
Guzman v. State, 955 S.W.2d 85, 89
(Tex.Crim.App. 1997).  See Rivera
v. State, 89 S.W.3d 55, 59 (Tex.Crim.App. 2002). 
Chapter 64 of the Texas Code of Criminal Procedure provides that a
convicting court may order forensic DNA testing only if it finds the evidence Astill exists and is in a condition
making DNA testing possible.@ 
Tex. Code Crim. Proc. Ann. art. 64.03(a) (West Supp.
2010).  The burden is on the
convicted person to establish by a preponderance of the evidence that he would
not have been convicted if exculpatory results had been obtained through DNA
testing, and the request for the proposed DNA testing is not made to
unreasonably delay the execution of sentence or administration of justice.  Art. 64.03(a)(2).  Simply stated, the convicted person must show
the existence of a reasonable probability that exculpatory DNA tests would
prove his innocence.  Kutzner v. State, 75 S.W.3d 427,
439 (Tex.Crim.App. 2002). 

Additionally, the Court of Criminal Appeals has held that A[n]othing
in Article 64.03 requires a hearing of any sort concerning the trial court=s determination of whether a
defendant is entitled to DNA testing.@  Rivera, 89 S.W.3d at 58-59.  Therefore,
the trial court, in deciding whether the evidence to be tested still exists,
may reach its decision based on the sufficiency of the State=s written explanation of its failure
to deliver the requested evidence.  See
Mearis v. State, 120 S.W.3d
20, 24 (Tex.App.BSan Antonio 2003,
pet. ref=d).

In the present case, the State explained there was no
biological material to test.  Based on
the sufficiency of the State's reason, the trial court concluded that Appellant
was not entitled to DNA testing.  Consequently,
Appellant did not demonstrate entitlement to appointed counsel or to DNA
testing.[2]  We hold the trial court did not err in
denying Appellant's request for DNA testing in each cause.  Appellant=s sole contention is overruled.

Accordingly, the trial court's orders are affirmed.

 

 

                                                                        Patrick
A. Pirtle

                                                                                          Justice

 

Do not publish.

 

 











[1]Although
the trial court's order is entitled "Order Denying Defendant's Motion for
DNA Testing and Appointment of Counsel," nowhere in his motions does
Appellant request appointment of counsel. 
Nevertheless, in the notices of appeal filed in cause numbers
07-10-0236-CR and 07-10-0237-CR, Appellant complains that the trial court did
not appoint counsel to represent him in pursuing DNA testing. Entitlement to
appointed counsel to pursue DNA testing is not absolute.  The convicted person must meet three
criteria:  (1) inform the trial court
that he wants to submit a motion for the appointment of counsel; (2) the trial
court must find that "reasonable grounds" exist for the filing of the
motion; and (3) the trial court must find that the convicted person is
indigent.  Gutierrez v. State, 307 S.W.3d 318, 321
(Tex.Crim.App. 2010).

 





[2]On
January 25, 2011, Appellant filed an untimely Reply Brief.  He complains that his conviction was based on
extraneous offense evidence.  This issue
was addressed and resolved against Appellant in his direct appeals.  See Slutz v. State, Nos. 07-08-00434-CR, 07-08-00435-CR,
07-08-00436-CR, 07-08-00437-CR, and 07-08-00438-CR, 2009 Tex. App. LEXIS 8326
(Tex.App.--Amarillo Oct. 29, 2009, pet. dism'd).  His other complaints relate to alleged
biological material.  As the State
explained, no biological material was collected; thus, there is nothing to test.  We overrule the arguments raised in
Appellant's Reply Brief.